UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID S. ARAUJO, JR..,<br><br>    Plaintiff,<br><br>  v.<br><br>ARKA BEHAVIOR SERVICE, *et al.*,<br><br>    Defendants.<br>_____/ | Case No. 1: 14-cv-00247-LJO-BAM<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |

**I.    Screening Requirement**

    In this civil rights action, Plaintiff, a prisoner in the Atascadero State Hospital, proceeds pro se and in forma pauperis. Currently pending before the Court is Plaintiff's Complaint. (Doc.1.) The Court is required to screen complaints brought by prisoners proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## II. Plaintiff's Complaint

Plaintiff's Complaint is unintelligible. Plaintiff's allegations consist of two incoherent paragraphs:

> Pitition Forwards After Date of June 13, 2012 Pititioner was sent to court pending revocation of out patient statues. Throughout prossedes of court Statements made by ALSW Perry Rankin were effective to the court to be mentioned mendacious to pititioneronly to be implemented and Formed of fact,. Wich statement were only gathered as non-facts in the court precedes . . . Pititioner feels an importance of constitutional and amendment Rights to fair trial such liberal, Honesty, Conract position presentation in proceeds of court were violated Perjury felt By Pititioner has been Commited by ALSW Perry Rankin violating Rights of Pititioner . . .

> Petition forwards a cliam and of the relaps in the community that substantiates a cause and reason that without regimne or treatment programing per contract of anka behavior service. That two Clinicans assignhed too David Araujo Client to Anka behavior Service, Violated Pititoners Rights/ One Clinician Mark Duarte DEning Right of safty for a client and community to safe Social welfair and Social Prep erations By not exchanging licensed ALSW Amy Wattson Who was pregnant . . Too the safty preparations and Social welfair too another licensed Social Worker . . . Thus not holding Grounds of contract Sighned By Client David Araujo for the mutual work to stay safe and Productively too maintain a productivlly Thinking and Action Process in the community that would be respectfully safe to the community, Collaterall contacts, Client Program and program Cliniecians…

(Doc. 1, p. 3-4.)

## III. Discussion

### A. Plaintiff's Complaint Fails to Comply With Rule 8

Plaintiff has not stated a claim on which relief may be granted. The Court cannot discern the nature or substance of Plaintiff's allegations. Even a careful review of Plaintiff's complaint does not permit the reader to divine what claims Plaintiff is asserting, the basis for those claims, and against whom those claims are asserted. Indeed, Plaintiff's spelling errors alone make it difficult to understand the theme of Plaintiff's complaint. Simply put, Plaintiff's complaint is globally incoherent.

### B. Relief Barred by *Heck*

The basis for Plaintiff's claims and alleged injuries is unclear. However, to the extent Plaintiff is challenging the validity of his conviction, those claims are barred.

Where success in a section 1983 action would implicitly question the validity of a conviction, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Muhammad v. Close,* 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). In *Heck*, the Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. *Heck,* 512 U.S. at 486, 114 S.Ct. at 2372.

Plaintiff appears to challenge an impropriety in his conviction. However, it is implicit from Plaintiff's allegations that his conviction still stands. By the terms of *Heck*, Plaintiff is barred from collaterally challenging his underlying criminal conviction in this civil rights action. If Plaintiff chooses to file an amended complaint for a civil rights violation, he is advised that *Heck* may prevent claims from going forward if they are based on a conviction that has not been overturned.

### C. Habeas Relief

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. *Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of

the Constitution.  28 U.S.C. §2254(a).  While challenges to a state court's incarceration of a petitioner or the length of that incarceration are proper in a petition for writ of habeas corpus, challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983.  *See McCarthy v. Bronson*, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); *Preiser v. Rodriguez,* 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

A petitioner who is in state custody and wishes to challenge collaterally his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *Rose v. Lundy,* 455 U.S. 509, 518 (1982); *Buffalo v. Sunn,* 854 F.2d 1158, 1162-63 (9th Cir. 1988).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  *Picard v. Connor,* 404 U.S. 270, 275-76 (1971); *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  *McCarthy v. Bronson,* 500 U.S. 136, 141 42 (1991); *Preiser,* 411 U.S. at 499; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Here, to the extent Plaintiff challenges the fact he is in prison, his complaint sounds in habeas relief.  If Plaintiff chooses to file an amended complaint for a civil rights violation, he is advised that his amended complaint may be dismissed if the allegations challenge the legality or duration of his confinement.

### D. Amended Complaint

Because the complaint fails to allege facts sufficient to state a claim upon which relief can be granted, this Court will dismiss it. The Court will provide Plaintiff with an additional opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff must revise his complaint to allege facts sufficient to support a cognizable claim. Plaintiff may not change the nature of this suit by adding new, unrelated claims in the second amended complaint. *George v.*

*Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, but must allege sufficient facts to establish his cause of action. Fed. R. Civ. P. 8(a). Plaintiff should focus on setting forth, as briefly but specifically as possible, the facts necessary to state a claim on which relief may be granted. Plaintiff must avoid including unnecessary language, as well as advocacy and argumentation. Plaintiff is advised that each amended complaint supercedes all prior complaints, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state facts sufficient to state a claim on which relief may be granted;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 9, 2014**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE